UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-01057 FMO (BFMx) | Date | February 23, 2024 |
|---|---|---|---|
| Title | Hollywood Horsepower, LLC v. Khera Industrial LLC, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):  Attorney Present for Defendant(s):

None Present  None Present

**Proceedings:** (In Chambers) Order to Show Cause Re: Jurisdiction

On February 7, 2024, Hollywood Horsepower, LLC ("plaintiff" or "Hollywood Horsepower") filed this action against Khera Industrial LLC ("KI"), and individual defendant Kamra Khera ("Khera"). (Dkt. 1, Complaint). Plaintiff seeks to compel arbitration of state-law contract, warranty, and fraud claims pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 2 & 4. (See id. at 1). Federal subject matter jurisdiction is premised on the parties' alleged diversity of citizenship. (Id.).

As the Supreme Court has explained, the FAA "bestows no federal jurisdiction but rather requires for access to a federal forum an independent jurisdictional basis over the parties' dispute." Vaden v. Discover Bank, 556 U.S. 49, 59, 129 S.Ct. 1262, 1271-72 (2009) (internal quotation and alteration marks omitted); see also Badgerow v. Walters, 596 U.S. 1, 8, 142 S.Ct. 1310, 1316 (2022) ("A federal court may entertain an action brought under the FAA only if the action has an independent jurisdictional basis.") (internal quotation marks omitted). As plaintiff seeks to compel arbitration over state-law claims, (see Dkt. 1, Complaint at 1), the parties must establish diversity jurisdiction to access a federal forum. See Countrywide Home Loans, Inc. v. Mortg. Guar. Ins. Corp., 642 F.3d 849, 854 (9th Cir. 2011) (district court properly exercised jurisdiction over FAA claim involving state-law dispute where the court "ha[d] independent diversity jurisdiction").

Where, as here, federal subject matter jurisdiction is predicated on diversity of citizenship complete diversity must exist between the opposing parties. See 28 U.S.C. § 1332(a); Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (The "general-diversity statute . . . applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant."). "The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." Rainero v. Archon Corp., 844 F.3d 832, 840 (9th Cir. 2016) (quoting NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 613-14 (9th Cir. 2016)).

The court is skeptical that plaintiff has met its burden and alleged a basis for the court's subject matter jurisdiction. This is because plaintiff has not plead sufficient allegations for the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-01057 FMO (BFMx) | Date | February 23, 2024 |
|---|---|---|---|
| Title | Hollywood Horsepower, LLC v. Khera Industrial LLC, et al. | | |

court to determine either plaintiff's or defendant KI's citizenship.  Hollywood Horsepower and KI, as limited liability companies, are "citizen[s] of every state of which [their] owners/members are citizens."  Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006);  see also Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 569, 124 S.Ct. 1920, 1923 (2004) ("[A] partnership . . . is a citizen of each State or foreign country of which any of its partners is a citizen.").  Plaintiff alleges that it is a "California limited liability company," with a "principal office" in Los Angeles County, California. (See Dkt. 1, Complaint at 2).  Plaintiff alleges defendant KI is "registered to do business in Nevada."  (Id.).  Neither allegation is sufficient to establish either party's citizenship, because "[a]n LLC's principal place of business [or] state of organization is irrelevant to [the citizenship] analysis."  See Buschman v. Anesthesia Bus. Consultants LLC, 42 F.Supp.3d 1244, 1248 (N.D. Cal. 2014); Tele Munchen Fernseh GMBH & Co. Produktionsgesellschaft v. Alliance Atlantis Int'l Distrib., LLC, 2013 WL 6055328, *4 (C.D. Cal. 2013) ("As a limited liability company, [defendant]'s principal place of business is irrelevant for purposes of diversity jurisdiction.").  As plaintiff does not plead the citizenship of either party's members, (see, generally, Dkt. 1, Complaint), the court cannot determine if there is complete diversity.  See Golden W. Wings LLC v. ShiftPixy, Inc., 2023 WL 2627734, *1 (C.D. Cal. 2023) (plaintiffs "insufficiently plead[ed] complete diversity of the parties" when they failed to plead all members of LLCs named in their complaint).

Based on the foregoing, IT IS ORDERED THAT plaintiff shall file a First Amended Complaint addressing the deficiencies noted above no later than **March 1, 2024**.  Failure to file a First Amended Complaint by the deadline set forth above shall be deemed as consent to the dismissal of the action without prejudice for lack of jurisdiction and/or failure to comply with a court order.  See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962); Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum – either by amending the complaint or by indicating to the court that it will not do so – is properly met with the sanction of a Rule 41(b) dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-63 (9th Cir. 1992) (affirming dismissal for failure to file amended complaint as ordered by district court).

| | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | vdr |